United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff(s),

   v.

MICHAEL BAUER,

                  Defendant(s).

CASE NO. 5:09-cr-00980 EJD

**ORDER DENYING DEFENDANT'S MOTION TO TERMINATE OR MODIFY SUPERVISED RELEASE**

[Docket Item No(s). 3]

On April 8, 2003, Defendant Michael Bauer ("Defendant") was convicted by a jury of conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). See Judgment, Docket Item No. 2. Judge Myron H. Thompson of the United States District Court for the Middle District of Alabama then sentenced Defendant to a term of imprisonment of 85 months followed by a 5-year term of supervised release. See id.

Defendant was released from custody on August 4, 2008, and thereafter began serving the imposed term of supervised release. See Mot. to Terminate or Modify Supervised Release ("Motion"), Docket Item No. 3. On October 8, 2009, responsibility for Defendant's supervision was transferred from Alabama to the Northern District of California. As a condition of supervised release, Defendant is prohibited from leaving the judicial district without the permission of the court or probation officer. See id.

Defendant is scheduled to be released from supervision on August 3, 2013. After serving approximately three and one-half years of the five-year term, Defendant now moves for an order

1

United States District Court
For the Northern District of California

1  terminating supervised release pursuant to 18 U.S.C. § 3583(e)(1).  The Government has filed a

2  response to Defendant's motion and the Probation Office has provided a recommendation to the

3  court.  Having considered all relevant submissions and documents, the court finds this matter

4  suitable for decision without a hearing.  For the reasons stated below, Defendant's motion will be

5  denied.

## I.   DISCUSSION

7  18 U.S.C. § 3583(e)(1) provides, in pertinent part:

8  The court may, after considering the factors set forth in section 3553
   (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --

9

10 (1) terminate a term of supervised release and discharge the defendant
   released at any time after the expiration of one year of supervised
   release, pursuant to the provisions of the Federal Rules of Criminal
11 Procedure relating to the modification of probation, if it is satisfied
   that such action is warranted by the conduct of the defendant released
12 and the interest of justice . . . .

13 "[T]he plain language of the statute indicates that the district courts have broad discretion to

14 alter the conditions of a defendant's supervised release."  United States v. Miller, 205 F.3d 1098,

15 1100 (9th Cir. 2000).  "Occasionally, changed circumstances - for instance, *exceptionally* good

16 behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution

17 imposed as conditions of release - will render a previously imposed term or condition of release

18 either too harsh or inappropriately tailored to serve the general punishment goals of section

19 3553(a)."  United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997) (emphasis added).  The

20 modification or termination mechanism provided by § 3583(e)(1) allows the court "to respond to

21 changes in the defendant's circumstances that may render a previously imposed condition of release

22 either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)."

23 United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

24 Here, Defendant argues that termination of supervised release is appropriate for two main

25 reasons.  First, Defendant contends he has complied with all terms of his supervised release and has

26 "successfully adjusted to reentry into society" by securing employment, completing several

27 rehabilitation programs, and becoming involved with his family.  Second, Defendant believes that

28 the condition restricting travel hinders his ability to work.

2

CASE NO. 5:09-cv-00980 EJD
ORDER DENYING DEFENDANT'S MOTION TO TERMINATE OR MODIFY SUPERVISED RELEASE

United States District Court
For the Northern District of California

1    The Government opposes Defendant's request.  As to Defendant's claim of compliance with

2  release conditions and reentry into society, the Government argues that these circumstances, while

3  commendable, do not themselves constitute the type of changed circumstances or "exceptionally

4  good behavior" contemplated by Lussier and its progeny.  See Lussier, 104 F.3d at 36; see also

5  Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) ("[E]ven '[m]odel prison conduct

6  and full compliance with the terms of supervised release is what is expected of a person under the

7  magnifying glass of supervised release and does not warrant early termination.'"); see also United

8  States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that defendant's resumption of

9  his "pre-incarceration life," including the restoration of family participation, "are expected of a

10  person on supervised release and do not constitute the 'exceptional behavior'" contemplated by §

11  3583(e)(1)); see also United States v. Grossi, No. 04-40127 DLJ, 2011 U.S. Dist. LEXIS 22831, at

12  *5-6, 2011 WL 704364 (N.D. Cal. Feb. 11, 2011) ("Mere compliance with the terms of supervised

13  release is what is expected, and without more, is insufficient to justify early termination.").  In

14  response to Defendant's issue with the travel condition, the Government points out that Defendant

15  has not established that termination of the restriction is necessary to alleviate a particular hardship.

16  Moreover, the Government believes this issue is better handled by the probation officer in the first

17  instance.

18    For its part, the Probation Office does not recommend early termination of supervised release

19  for Defendant.  Although the Probation Office concurs that Defendant has been compliant, his

20  conduct has not been described as exceptional.

21    After considering all the statutory factors, the court concurs with the Government and the

22  Probation Office that Defendant has not demonstrated the type of circumstances justifying a

23  modification or termination of his supervised release.  While the court does not wish to minimize

24  Defendant's laudable post-incarceration accomplishments, it is nonetheless apparent that the reasons

25  cited by Defendant - compliance with release conditions, resumption of employment and

26  engagement of family life  - are expected milestones rather than a change of circumstances rendering

27  continued supervision no longer appropriate.  See  McKay, 352 F. Supp. 2d at 361; see also United

28  States v. Wientraub, 371 F. Supp. 2d 164, 167 (Dist. Conn. 2005) ("Although Weintraub's ongoing

CASE NO. 5:09-cv-00980 EJD
ORDER DENYING DEFENDANT'S MOTION TO TERMINATE OR MODIFY SUPERVISED RELEASE

United States District Court

For the Northern District of California

1    and full compliance with all conditions of supervised release, including payment of the fine and

2    restitution, is commendable, in the end that is what is required of all criminal defendants and is not a

3    basis for early termination of his supervised release."). Indeed, Defendant may receive additional

4    benefit from the balance of the release term.

5         Nor has Defendant demonstrated that the travel restriction is unduly burdensome such that it

6    should be modified or terminated. Although Defendant generally indicates it "can take from two

7    weeks to a month" to obtain permission to travel outside the district, he has not cited a specific

8    instance for which the travel restriction limited his ability to perform his job duties. See United

9    States v. Rasco, No. 88 Cr. 817 (CSH), 2000 U.S. Dist. LEXIS 497, at *6-7, 2000 WL 45438

10   (S.D.N.Y Jan. 19, 2000). Moreover, the court is aware that travel requests, especially those relating

11   to employment, can be expedited and accommodated through the Probation Office. It is therefore

12   recommended that Defendant consult his assigned probation officer if the travel restriction has truly

13   become an obstacle.

14        Ultimately, the seriousness of Defendant's crimes of conviction coupled with his particular

15   history support maintenance of the full 5-year term. The sentence imposed was and remains suitably

16   tailored to the offensive conduct.

17                                        **II.   ORDER**

18        Based on the foregoing, Defendant's motion to terminate or modify supervised release is

19   DENIED.

20

21   **IT IS SO ORDERED.**

22

23   Dated: April 13, 2012                          _____
                                                    EDWARD J. DAVILA
24                                                  United States District Judge

25

26

27

28

4

CASE NO. 5:09-cv-00980 EJD
ORDER DENYING DEFENDANT'S MOTION TO TERMINATE OR MODIFY SUPERVISED RELEASE